**EXHIBIT A**

**Plaintiff Proposed Scheduling Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Prime Core Technologies Inc., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11161 (JKS) <br><br> (Jointly Administered) |
| PCT Litigation Trust, <br><br> Plaintiff, <br><br> v. <br><br> Plutus Financial Inc. d/b/a Abra and Plutus Lending LLC, <br><br> Defendants. | Adv. Proc. No. 25-50960 (JKS) |

### CASE MANAGEMENT PLAN AND SCHEDULING ORDER

1. This Case Management Plan and Scheduling Order, by and among plaintiff PCT Litigation Trust ("PCT") and defendants Plutus Financial Inc. d/b/a Abra ("Abra") and Plutus Lending LLC ("Plutus Lending" and, together with Abra and PCT, the "Parties"), shall apply in the above-captioned adversary proceeding (the "Adversary Proceeding").

   a. The term "Complaint" as used herein shall mean the complaint filed in the Adversary Proceeding on May 27, 2025 [Adv. Doc. Nos. 1, 3].

   b. The term "Plaintiff" as used herein shall mean PCT.

   c. The term "Defendants" as used herein shall mean Abra and Plutus Lending.

   d. The Parties have stipulated that Defendants have accepted service of process and have agreed to waive any objections to personal jurisdiction and service of process (the "Stipulation"). *See* Adv. Doc. No. 5. Defendants reserve all other rights, claims and defenses. *See id.*

---

[1] The debtors in the Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528) (collectively, the "Debtors"). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

2. **Pleadings**.

   a. The Parties have further stipulated to a schedule governing Defendants' response to the Complaint, including briefing *Defendants' Plutus Financial Inc. d/b/a Abra and Plutus Lending LLC Motion to Dismiss the PCT Litigation Trust's Complaint* [Adv. Doc. No. 14] (the "Motion"). Plaintiff shall file any opposition to the Motion by September 15, 2025, and Defendants shall file any reply in support of the Motion by October 6, 2025. *See* Adv. Doc. No. 5.

   b. Defendants' answers to the Complaint shall be due twenty-one (21) days after resolution, by decision, order, or otherwise, of the Motion.

3. **Discovery.** The following discovery and pretrial schedules shall apply absent further agreement of the Parties or order of the Court.

   a. **Opening of Discovery.** The parties agree that fact discovery has been open since July 18, 2025, and remains open to the Parties.

   b. **Initial Disclosures.** The Parties agreed to serve their initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP") as incorporated in this action by Rule 7026 of the Federal Rules of Bankruptcy Procedure ("FRBP") by no later than August 15, 2025. Plaintiff served its initial disclosures on August 15, 2025. Defendants served their initial disclosures on August 25, 2025.

   c. **Fact Discovery.**

      i. The Parties may serve document requests pursuant to FRCP 34 (FRBP 7034), a total of ten (10) interrogatories pursuant to FRCP 33 (FRBP 7033), a total of ten (10) requests for admissions pursuant to FRCP 36 (FRBP 7036) and other requests for written discovery beginning on or after July 18, 2025.

      ii. The Parties may serve subpoenas on non-parties pursuant to FRCP 45 (FRBP 9016) beginning on or after July 18, 2025.

      iii. The Parties shall substantially complete their production of documents in response to any discovery requests served on or before December 1, 2025, within seven (7) days after the Court rules on the Motion (with substantial rolling productions occurring in the meantime).

      iv. The Parties shall provide logs of documents withheld or redacted on privilege grounds as productions are completed and, in any event, within twenty-one (21) days after the Court rules on the Motion (with substantial rolling productions occurring in the meantime).

  v. Deposition notices shall be served no less than twenty-one (21) days prior to the deposition date. Plaintiff and Defendants shall each be entitled to take a total of ten (10) depositions of fact witnesses. Additional depositions may be requested upon motion to the Court on good cause shown.

  vi. Fact discovery, including depositions, shall be completed within one hundred and twenty days (120) after the filing of an answer to the Complaint (or the filing of the last answer to an amended complaint, whichever is later).

d. **Expert Discovery.**

  i. Plaintiff's initial expert reports—including expert submissions of foreign law—if any, shall be served by within twenty-one (21) days of the close of fact discovery. Plaintiffs shall serve a disclosure listing the experts they intend to make submissions for, including the general subject matter of those submissions, within seven (7) days of the close of fact discovery.

  ii. Defendants' expert reports—including expert submissions of foreign law and including rebuttal reports in response to Plaintiff's initial expert reports and expert reports on a subject not addressed in Plaintiff's initial expert reports—if any, shall be served within thirty (30) days following service of Plaintiff's initial expert reports. Defendants shall serve a disclosure listing the experts they intend to make submissions for, including the general subject matter of those submissions, within twenty-one (21) days of the close of fact discovery, provided, that Defendants may also serve a supplemental disclosure identifying any rebuttal experts within seven (7) days of received Plaintiff's expert reports.

  iii. In the event that Defendants serve expert reports addressing a subject not addressed in Plaintiff's initial expert reports, if any, Plaintiff may serve rebuttal expert reports in response thereto within thirty (30) days following Defendants serving their initial expert report.

  iv. All expert reports must satisfy the requirements of FRCP 26 (FRBP 7026).

  v. Expert depositions shall be completed within ninety (90) days of the close of fact discovery.

  e. **Dispositive Motions.**

    i. Motions for summary judgment shall be due within one hundred and eighty (180) days of the close of fact discovery.

    ii. Oppositions to motions for summary judgment, if any, shall be due twenty-one (21) days after the filing of any motions for summary judgment.

    iii. Replies in support of summary judgment shall be due fourteen (14) days after the filing of any oppositions to motions for summary judgment.

4. **Jurisdiction.** Nothing in this Case Management Plan and Scheduling Order shall be deemed a waiver of the Defendants' rights under Del. Bankr. L.R. 9013-1(h).

5. **Modification.** The Parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.